**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

CRIMINAL ACTION NO. 20-13-4-DLB-EBA

UNITED STATES OF AMERICA											PLAINTIFF

v.			**ORDER ADOPTING REPORT AND RECOMMENDATION**

JOSHUA A. GAMBLE												DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the March 24, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Edward B. Atkins (Doc. # 84), wherein he recommends that the Court deny Defendant Joshua Gamble's Motion to Suppress (Doc. # 57). Defendant Gamble filed Objections to the R&R (Doc. # 87) and the United States filed a Response to Defendant's Objections (Doc. # 93), to which Defendant filed a Reply (Doc. # 94). Accordingly, the R&R is ripe for the Court's review. For the reasons that follow, Defendant Gamble's Objections are **overruled**, the R&R is **adopted**, and the Motion to Suppress is **denied**.

**I.     FACTUAL BACKGROUND**

On November 5, 2020 Defendant Gamble, along with several co-defendants, was indicted in federal court for (1) conspiracy to distribute methamphetamine, (2) distribution of methamphetamine, and (3) possession with intent to distribute methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). (Doc. # 14). He was also charged with (4) being a convicted felon in possession of firearms and (5) possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), respectively. (*Id.*).

1

A Superseding Indictment adding additional co-defendants was returned on January 8, 2021. (Doc. # 41). On January 26, 2021, Gamble filed a Motion to Suppress evidence seized during the search of a residence located at 49 Chapman Road in Greenup, Kentucky. (Doc. # 57). In his Motion, Defendant argues that the search warrant, issued by a state judge, was not supported by probable cause. (Docs. # 57 and 57-1). More specifically, Defendant argues that the affidavit submitted by Sheriff Matt Smith in support of the application for the search warrant was insufficiently corroborated. (Doc. # 57-1 at 5). Thus, Defendant seeks the suppression of evidence obtained and statements elicited as a result of the allegedly unconstitutional search. (*Id.* at 5-6).

In the affidavit in support of his search warrant application, Sheriff Smith described a traffic stop he conducted of an individual ("the Informant") who reported to the police that Joshua Gamble supplied him with the methamphetamine found in his vehicle at the residence located on Chapman road. (Doc. # 57-2). The following facts are set forth in Smith's affidavit. On August 24, 2020, Smith observed a vehicle traveling at a low speed and swerving on the road. The vehicle put on its emergency flashers and pulled off into a driveway of an abandoned home. Sheriff Smith pulled in after the vehicle and flashed his emergency lights. There were three people in the vehicle, and as Smith approached, he could smell the odor of burnt marijuana coming from the vehicle. The driver (who became the Informant) told Smith that he had smoked marijuana earlier that day, and as he got out of the vehicle, he handed marijuana to one of the passengers. At that point, Deputy Shawn Heighton arrived at the scene and both officers asked the front passenger where the marijuana was. The passenger retrieved the marijuana from the center console

of the vehicle and told the officers that she was having trouble breathing. The officers called an ambulance and asked the passenger to have a seat in the shade.

The officers proceeded to search the vehicle and found two cylinder-shaped tubes that were taped together. Inside the tubes they found methamphetamine in cellophane plastic and two syringes, one of which appeared used and had blood on it. Another syringe was found in the compartment of the rear passenger door. An ambulance arrived and retrieved the passenger who had complained of difficulty breathing. The Informant and other passenger were transported to Greenup County Detention Center. While traveling to the Detention Center, the second passenger complained of difficulty breathing, prompting the officers to arrange for a medical unit to meet them at the jail. Upon arrival, the second passenger was also transported to the hospital.

At that time, the Informant told Deputy Heighton that he wanted to talk about where the drugs came from. He was given his *Miranda* warnings and interviewed. The Informant told officers that he had called Joshua Gamble earlier that day and had asked to stop by Gamble's home. He told Gamble that he had a YETI cooler that he believed Gamble was interested in. The Informant rode with the two passengers to Gamble's home on Chapman Road, and upon arriving, went inside the home with one of the passengers while the other passenger remained in the vehicle. The Informant traded two coolers with Gamble in exchange for approximately 1.5 grams of methamphetamine, which was packaged in a clear sandwich baggie. The Informant stored the baggie containing methamphetamine in a black, flip-open container. The Informant observed at least one other vehicle at Gamble's home—a white pickup truck. When the Informant returned to his vehicle, he observed one of the passengers whom he had arrived with

3

ingesting methamphetamine, which the passenger had not had prior to their stop at Gamble's residence. The Informant further stated that he had had three or four previous dealings with Gamble, who would sell him approximately 1.7 grams of methamphetamine for $90. The affidavit noted that the baggie of methamphetamine obtained from the Informant's vehicle appeared to be the same amount previously purchased from Gamble.

After obtaining a search warrant based on Sherriff Smith's affidavit, officers searched the residence located at 49 Chapman Road, where they found additional methamphetamine, four firearms, a YETI cooler, and three scales, among other things. (Doc. # 57-4).

## II.    REPORT AND RECOMMENDATION

On March 24, 2021, Magistrate Judge Atkins issued an R&R recommending denial of Defendant's Motion to Suppress. (Doc. # 84). In his R&R, the Magistrate Judge found that under the totality of the circumstances, the search warrant for 49 Chapman Road was supported by probable cause. (*Id.* at 7). Although Defendant argued the statements contained in Sheriff Smith's affidavit were not independently corroborated, the Magistrate Judge reasoned that an issuing judge may find probable cause based on an informant's tip if the judge can independently conclude that the informant is reliable. (*Id.* at 7-8) (citing *United States v. McCraven*, 401 F.3d 693, 696 (6th Cir. 2005)). Such other indicia of reliability may consist of "a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name." (*Id.*) (quoting *McCraven*, 401 F.3d at 697). The Magistrate Judge also noted that an affidavit may constitute probable cause where an informant avers that he saw a particular crime and particular evidence in the recent past, the identity of the informant is known to the issuing judge,

4

and the informant's reliability is attested to by an officer. (*Id.* at 8) (citing *United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (en banc)).

As the Magistrate Judge pointed out, although Defendant's Motion seems to imply that the Informant was anonymous—that was not the case. (*Id.* at 7-8). The affidavit submitted in the record redacts the Informant's name, but the United States confirmed that the affidavit submitted to the issuing judge identified the Informant by name. (*Id.* at 8). The R&R further reasoned as follows:

> [T]he informant identified Gamble by name and provided an exact location and description of his residence. He provided a clear and detailed first-hand account of the most recent drug transaction he participated in with Gamble, including the form of payment (the coolers) and the approximate quantity of drugs. The informant's story matched evidence that was recovered from his car during the traffic stop, including the location of the drugs bartered for with Gamble. His story is further corroborated by the fact that his passengers required medical attention for recently using methamphetamine. Finally, and perhaps most significantly, the informant made a statement against his own penal interest by describing a pattern of prior drug transactions he had entered into with Gamble.

(*Id.* at 8). The Magistrate Judge concluded that based on the totality of these circumstances, the issuing judge had sufficient information from which to conclude that the affidavit was reliable and that there was probable cause to search the Gamble residence. (*Id.* at 9).

Alternatively, the Magistrate Judge agreed with the United States' position that even if probable cause were lacking, the good faith exception applies here, because the affidavit contained a sufficient nexus between the crime and place to be searched and was not "so lacking in probable cause that belief in its existence [was] objectively unreasonable." (*Id.* at 9) (citing *United States v. Brown*, 828 F.3d 373, 384 (6th Cir. 2016);

5

*United States v. Rose*, 714 F.3d 362, 367 (6th Cir. 2013)). Thus, the Magistrate Judge recommended that the Court deny Defendant Gamble's Motion to Suppress. (*Id.* at 11).

III. ANALYSIS

   A. Standard of Review

A district judge may refer a motion to suppress and other related motions to a magistrate judge for the preparation of an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1). *See, e.g.*, *United States v. Jones*, No. 6:16-cr-34, 2018 WL 2329780, at *1 (E.D. Ky. May 23, 2018) (adopting an R&R on a motion to suppress and a motion for joinder to the motion to suppress). Parties have fourteen days to object to a magistrate judge's R&R. Fed. R. Crim. P. 59(b)(2). If objections are timely filed, the district court must review *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in

this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

### B. Objections

Defendant objects to the Magistrate Judge's finding that the search warrant affidavit established probable cause for the search of the residence. (Doc. # 87). More specifically, Defendant argues that although the identity of the Informant was released to the issuing magistrate judge, this fact, plus the Informant's admission to participation in criminal conduct did not provide a sufficient indicia of reliability as to the Informant's statements. (*Id.* at 8-9) (citing *United States v. Higgins*, 557 F.3d 381, 389-90 (6th Cir. 2009)). Defendant also urges the Court not to consider the level of detail of the Informant's information as a testament to the veracity of his statements. (*Id.* at 9) (citing *United States v. Dyer*, 580 F.3d 386, 394 (6th Cir. 2009) (Moore, J., dissenting); *United States v. Sonagere*, 30 F.3d 51, 54-55 (6th Cir. 1994) (Merritt, J., dissenting)). Further, Defendant argues that there was no corroboration of the Informant's statement to make up for the lack of information regarding the Informant's reliability. (*Id.* at 10-13). Finally, Defendant objects to the Magistrate Judge's finding that even if probable cause were lacking, the good faith exception would apply given the lack of corroboration of the information contained in the affidavit. (*Id.* at 14).

Under the Fourth Amendment, "no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend. IV. An affidavit demonstrates probable cause when the facts contained therein indicate "a 'fair probability' that evidence of a crime will be located on the premises of the proposed search." *United States v.*

*Jenkins*, 396 F.3d 751, 761 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir. 1990)). Reviewing courts afford deference to the issuing judge's probable cause determination and must assess whether the judge had a "substantial basis" to conclude that there was probable cause for the search. *Allen*, 211 F.3d at 973 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). The issuing judge's "discretion should only be reversed if it was arbitrarily exercised." *Id.* (citing *United States v. Swihart*, 554 F.2d 264, 267-68 (6th Cir. 1977)).

Whether an affidavit supports a finding of probable cause is assessed based on the totality of the circumstances. *Allen*, 211 F.3d at 972. As the court in *McCraven* explained, an affidavit based on information from an informant "must state facts supporting an independent judicial determination that the informant is reliable." 401 F.3d at 697. For example,

> [t]he affidavit could state that police corroborated significant parts of the informant's story. Or the affiant could attest "with some detail" that the informant provided reliable information in the past. Or there could be other indicia of the informant's reliability, such as a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name. As long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause.

*Id.* (internal citations omitted).

As stated in McCraven, the *Allen* court found that probable cause had been established where the affidavit stated "(1) that the affiant had known the informant for five years, during which time the informant provided reliable information about criminal activity, (2) that the informant's name had been disclosed to the issuing judge, and (3) that the informant had personally observed cocaine in the suspect's apartment within the previous 72 hours." *Id.* (citing *Allen*, 211 F.3d at 971-72).

Here, Defendant points out that Sheriff Smith's affidavit does not attest to the reliability of the Informant, by for example explaining that the informant had provided reliable information on several occasions in the past, thereby necessitating some other indication of reliability. (Doc. # 87 at 6-9). Yet, "the facts of *Allen* do not define the minimum requirements for an affidavit based on an informant's tip." *McCraven*, 401 F.3d at 697. In *United States v. Pelham*, a case the Sixth Circuit cited in *Allen*, an affidavit was found sufficient where the informant was named to the issuing judge and the informant had witnessed the defendant sell marijuana inside his home in the "immediate past." *Id.*; *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986). Based on *Allen* and *Pelham*, the *McCraven* court clarified that "independent corroboration of an informant's story is not necessary to a determination of probable cause." *McCraven*, 401 F.3d at 698; *see also United States v. Peterson*, 840 F. App'x 844, 850 (6th Cir. 2001) (noting that "[n]amed informants" as compared to anonymous tips or confidential informants are "generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability") (quoting *United States v. Hodge*, 714 F.3d 380, 384-85 (6th Cir. 2013)).

In the instant case, the informant was named to the issuing judge and provided a detailed, first-hand account of having just acquired a specified amount of methamphetamine inside Defendant's residence, which was identified by a particular address located off of Kentucky Route 503, where the traffic stop of the Informant occurred. In addition, by admitting to having purchased drugs, including on multiple occasions in the past, the Informant was making a statement against his penal interest which "carr[ies] [its] own indicia of credibility." *United States v. Dickens*, 748 F. App'x 31,

37-38 (6th Cir. 2018) (quoting in a parenthetical *United States v. Harris*, 403 U.S. 573, 583 (1971)).  The affidavit also included a description of the residence, although it is not apparent from the face of the affidavit that this description matched one provided by the Informant.  (Doc. # 57-2 at 1).

The facts of this case most closely resemble those in *Pelham*, where the affidavit named the informant and provided a detailed description of illegal activity occurring at a particular residence in the immediate past.  801 F.2d at 878.  However, the Court acknowledges that it is a close case, and the affidavit would have certainly been stronger had officers done more to quickly corroborate the information the informant provided, such as by confirming that Defendant resided at the address provided, asking the informant for a physical description of the residence, or checking to see whether Defendant had any relevant past criminal convictions.  Nonetheless, given the indicia of reliability contained in the affidavit and the totality of the circumstances, including the timing of the traffic stop, proximity of the stop to the identified address, and nature of what officers found in the course of the stop (methamphetamine in packaging and an amount matching the Informant's description of what he acquired at Defendant's residence, used syringes, and two passengers requiring medical attention related to their recent drug use), the issuing judge had a "substantial basis" with which to make a "commonsense, practical" determination that there was probable cause to support the search. *Gates*, 462 U.S. at 230; *Johnson*, 351 F.3d at 258; *see also United States v. Stokes*, 742 F. App'x 947, 952 (6th Cir. 2018) (noting that specificity of information, such as the amount of drugs and currency, did not add a "tremendous amount of weight" but did render the affidavit "marginally more reliab[le]").

Additionally, the cases Defendant relies on are distinguishable. For example, in *Higgins*, where the court found an affidavit inadequate to support probable cause, the affidavit, in addition to lacking any attestation as to the named informant's reliability, also failed to "assert that the informant had been inside [the defendant's] apartment, [or] that he had ever seen drugs or other evidence inside [the] apartment." 557 F.3d at 390. Similarly, in *United States v. Hammond*, the informant's information supporting the affidavit was found to be "vague [and] not obviously reliable" in addition to being uncorroborated by independent investigation. 351 F.3d 765, 772-73 (6th Cir. 2003) (noting informant had not provided the location of the residence, the location of drugs within the residence, or any specifics about the alleged illegal conduct). Further, in *United States v. Frazier*, there was no indication the confidential informants' identities had been disclosed to the issuing judge. 423 F.3d 526, 532 (6th Cir. 2005). Thus, Defendant's objections regarding the existence of probable cause to support the search of Gamble's residence are **overruled**.

Even if probable cause were lacking, the good-faith exception established in *United States v. Leon*, 468 U.S. 897 (1984), would apply. Under the good-faith exception, the exclusionary rule does not apply when the evidence was "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *Leon*, 468 U.S. at 905 (internal quotations omitted). To assess whether an officer relied in good faith on a later-invalidated warrant, the court considers "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n.23. Further, in order for this exception to apply, there must have been "a minimally sufficient nexus between the illegal activity and the place to be

searched." *Brown*, 828 F.3d at 385 (quoting *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004)). "A police officer does not 'manifest objective good faith in relying on a warrant' if the affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 385-86 (quoting *Carpenter*, 360 F.3d at 595).

For the reasons stated above, namely the fact that the Informant's name was provided to the issuing judge, the level of detail of the information the Informant provided, and the timing/location and nature of the traffic stop of the Informant, the affidavit in support of the search of Gamble's residence was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Brown*, 828 F.3d at 386; *see also McCraven*, 401 F.3d at 698. In his Objections, Defendant asserts that Sheriff Smith, who had been in law enforcement for over twenty years, knew that he needed to corroborate the Informant's information. (Doc. # 87 at 14). However, the good-faith standard is objective—not subjective, *Brown*, 828 F.3d at 385, and in certain instances (for example, where there is sufficient indicia of reliability), independent corroboration is not required, *McCraven*, 401 F.3d at 698. Accordingly, Defendant's objection concerning application of the good-faith exception is **overruled**.

## IV. CONCLUSION

(1) The Magistrate Judge's Report and Recommendation (Doc. # 84) is **adopted** as the Opinion of the Court;

(2) Defendant Gamble's Objections to the R&R (Doc. # 87) are **overruled**;

(3) Defendant Gamble's Motion to Suppress (Doc. # 57) is **denied**; and

(4) The time period from the filing of the motion through today's date, totaling 119 days, is deemed **excludable time** pursuant to the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D).

This 25th day of May, 2021.



Signed By:
*David L. Bunning*
United States District Judge

J:\DATA\ORDERS\Ashland Criminal\2020\20-13-4 Order Adopting R&R.docx